UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL FOR THE STATE OF IDAHO,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00516-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Maximiliano Sileoni was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that it is subject to dismissal for failure to state a claim upon which relief can be granted.

REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff, a citizen of Argentina, alleges that the state of Idaho violated his federal statutory rights by failing to oversee and cooperate with his efforts to enforce his "right" to federal deportation proceedings. Dkt. 3. Plaintiff previously brought this claim under

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

federal constitutional theories in Case No. 1:20-cv-500-DCN. That complaint was deemed frivolous by the federal district court and the appeal found frivolous by the federal appellate court. *See* Dkts. 7, 15 in that case.

## 2. Standard of Law

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard. The critical inquiry is whether a federal claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). The Court's Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

3. **Discussion**

   A. *8 U.S.C. § 1227(a)(2)(A)(iii)*

Plaintiff asserts that Title 8 U.S.C. § 1227(a)(2)(A)(iii) provides a basis for his suit against the state attorney general. He is mistaken. That provision states: "Any alien who is convicted of an aggravated felony at any time after admission is deportable." Congress included no *right* for an alien convicted felon to be deported that supersedes a state's right to have a convicted felon serve a prison sentence for the crime he committed in that jurisdiction. This claim is frivolous.

   B. *8 U.S.C. § 1229(a) & (c)*

Title 8 U.S.C. § 1229(a) & (c) set forth the requirement of notice to an alien when removal proceedings are initiated by the United States government. These provisions do not include anything about a "right to deportation," but contrarily, only a right to be heard if an alien does not want to be deported. This claim is frivolous.

   C. *8 U.S.C. § 1231*

Title 8 U.S.C.A. § 1231 provides that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Again, nothing in this section refers to a right to be deported or removed, and nothing places responsibility for removal on the state attorney general. Once an alien has been found removable after proper proceedings that provide the alien with due process,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

the United States Attorney General must deport or remove the alien. Petitioner has not been ordered removed before he serves his sentence of incarceration, and, thus, there is no claim that the state attorney general is blocking his deportation. This claim is frivolous.

### 4. Conclusion

Plaintiff has stated no claim upon which he can proceed. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Here, the Court concludes that amendment in this case would be futile, because there is no "right to be deported," and the state attorney general has done nothing to thwart Plaintiff's desire to be deported. As noted above, Plaintiff's similar case was rejected as frivolous at the district and appellate court levels. For the reasons set forth above, this case will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff is issued a strike under 28 U.S.C. § 1915(g) for filing a duplicative, frivolous lawsuit.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief can be granted.

2. Plaintiff is issued a strike under 28 U.S.C. § 1915(g).

DATED: May 7, 2022

B. Lynn Winmill
U.S. District Court Judge